CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 3 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JOHN P. DONOHUE,** | ) | **CASE NO. 7:11CV00227** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **vs.** | ) | |
| | ) | |
| **TRACY RAY, ET AL.,** | ) | **By: Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Defendant(s).** | ) | |

Plaintiff John Donohue, a Virginia inmate proceeding pro se, has filed this civil rights

action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his

complaint, Donohue alleges that he has been denied due process on prison disciplinary charges

and that he was wrongfully transferred to Red Onion State Prison, where he is subject to

unconstitutional living conditions. The claims and factual allegations in this lawsuit are highly

similar to those Donohue presented in an earlier § 1983 complaint, which the court summarily

dismissed, pursuant to § 1915A(b)(1), as legally frivolous. See Donohue v. Higgs,

7:11CV00090 (W.D. Va. Mar. 1, 2011) (unpublished) (Donohue I). Upon review of the record,

for the same reasons stated in the earlier opinion, the court finds that his current complaint must

also be summarily dismissed. He simply does not state any claim that he has been deprived of

any constitutionally protected rights.[1]

## I.

To state a cause of action under § 1983, a plaintiff must establish that he has been

deprived of rights guaranteed by the Constitution or laws of the United States and that this

---

[1] Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief under § 1983 simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, because "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

deprivation resulted from conduct committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42 (1988).  The court is required to dismiss any action or claim filed by a prisoner proceeding in forma pauperis if it determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## A. Due Process

Under the heading "Claim 1," in a lengthy and rambling narrative void of paragraph breaks, Donohue refers to several disciplinary charges he received and alleges that prison officials deprived him of due process in various respects during the disciplinary proceedings.  On June 28, 2007, at Dillwyn Correctional Center ("Dillwyn"), Donohue received a disciplinary charge for refusing to submit to a drug test.  He was found guilty and sentenced to 30 days in isolation.  On September 29, 2007, also at Dillwyn, Donohue received a charge for using vulgar or insolent language toward an employee.  He was convicted and sentenced to 20 days in isolation and referred for reclassification.  On September 6, 2009, at Dillwyn, Donohue received a charge for disobeying a direct order to move away from the fence line.  His penalty for this conviction was a $5.00 fine.  On December 29, 2009,  at Nottoway Correctional Center,

Donohue received a disciplinary charge for making plans or threats to escape, was penalized with 30 days in isolation,[2] and was later transferred to Red Onion.

As he did in his previous § 1983 complaint about the same charges and penalties, Donohue asserts that these "false" or procedurally defective disciplinary proceedings violated his constitutional right to due process, caused his good time rate to change, and caused him to be wrongfully transferred to Red Onion. In Donohue I, the court summarily dismissed all of Donohue's due process claims. First, the court found under Sandin v. Conner, 515 U.S. 472, 484 (1995), that Donohue was not entitled to federal due process protections in the challenged disciplinary proceedings, because the penalties imposed in each case did not exceed the expected conditions of his prison "sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force" and also did not "impose[ ] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life" so as to create a protected liberty interest in avoiding the penalties.[3] Id. The court also found no federal due process implications in his change in good time earnings, in the alleged violations of Virginia's prison regulations or statutes, or in Donohue's transfer to Red Onion.[4] As an alternative ground for

_____

[2] Donohue alleges that because of the disciplinary conviction for writing letters about escape, he "lost all [his] good time and all the good time I already earned up to that point which is accumulated good time." (Compl. Claim 1 at 7.) Documentation he submits with the complaint concerning this disciplinary charge, however, indicates that the penalty for the charge itself was 30 days in isolation. (ECF No. 4 at pp. 22 & 25.) Thus, the court need not accept his bare allegations that this conviction caused him to lose his already earned good conduct time. See United States ex rel. Constructors, Inc. v. Gulf Ins. Co, 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991) (finding that where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails").

[3] Donohue I at 4.

[4] Donhue I at 5-6 (citing Oliver v. Powell, 250 F. Supp. 2d 593, 605 (E.D. Va. 2002) and Garrett v. Angelone, 940 F. Supp. 2d 933, 943 (W.D. Va. 1996) (regarding Virginia's prisoner classification regulations); Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (regarding violations of state procedural provisions); and Meachum v. Fano, 427 U.S. 215, 224 (1976) and Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (regarding transfer to more restrictive, harsh prison conditions).

dismissal of Donohue's claims regarding the 2007 disciplinary proceedings, the court found that such claims were time-barred under the applicable statute of limitations, because he waited more than two years after the events to file his lawsuit.[5]

Donohue's current version of these due process claims includes some additional details about the procedural protections he believes he should have received during the disciplinary proceedings, makes more general assertions that black inmates were treated more favorably at Dillwyn than white inmates, and complains in much more detail about the living conditions at Red Onion. These additional allegations, however, are not sufficient to demonstrate that any of the challenged disciplinary penalties or housing status changes imposed such atypical hardship on him as to create a federally protected liberty interest entitling him to federally mandated procedural protections before imposition of the penalty or status change. Sandin, 515 U.S. at 484; Beverati, 120 F.3d at 504 (finding no liberty interest implicated under Sandin where segregation inmates complained of no outside recreation, no clean clothes, insufficient food, and cells infested with vermin and smeared with urine and feces for months). Donohue also fails to show that any of his claims concerning events in 2007 are not time-barred.

For the stated reasons, the court finds that Donohue's current due process claims must be summarily dismissed without prejudice as legally frivolous, pursuant to § 1915A(b)(1). Because the court's opinion in Donohue I put him on notice that these due process claims were frivolous, his resubmission of the claims also represents harassment of the defendants and abuse

---

[5] Donohue I at 6-7 (citing Owens v. Okure, 488 U.S. 235, 239-40 (1989) (holding that §1983 actions are governed by state statute of limitations applicable for general personal injury cases in state where injury occurs); Va. Code Ann. § 8.01-243(a) (setting two-year limitation period for filing personal injury claims)).

of the judicial process so as to support dismissal of these claims under § 1915A(b)(1) as

malicious. See Cochran v. Morris, 73 F.3d 1310, 1316-17 (4th Cir. 1996).

The procedural problems of which Donohue complains give rise, at most, to possible

claims that prison officials violated state regulations, and such violations do not present

constitutional claims actionable under § 1983. Riccio, 907 F.2d at 1469. Moreover, the court

declines to exercise supplemental jurisdiction over any such state law claims, pursuant to 28

U.S.C. § 1367(c), and dismisses them without prejudice.

## B. Race Discrimination

In Donohue I, the court dismissed Donohue's racial discrimination claims because he

failed to allege a factual basis for them.[6] In his current complaint, he attempts to correct this

deficiency. He alleges generally that black staff and inmates outnumbered white staff and

inmates at Dillwyn; that although many inmates were near the fence on September 6, 2009, only

white inmates were ordered to move away from it, and he was given a "bogus" charge because

he was white; that he received other false charges at Dillwyn because of his race; that black

inmates were not charged with infractions for smoking in non-designated areas or disrupting

count procedures, while white inmates were charged for the same conduct; and that black

inmates routinely had their disciplinary charges dropped, obtained better jobs, and received

better pay, better clothes, better food, and more respect than did white inmates.

These allegations are not sufficient to state an actionable § 1983 claim of race

discrimination. First, any discrimination claims related to the 2007 disciplinary charges are

time-barred under Va. Code Ann. § 8.01-243(a), because Donohue did not raise them within two

years after the alleged constitutional injury. Owens, 488 U.S. at 239-40. Second, Donohue fails

---

[6] Donohue I at 5 n. 3; 6-7.

5

to allege facts supporting his conclusory assertions that he received disciplinary charges because of his race, rather than because of his conduct. His conclusory accusations that seemingly different treatment may have been motivated by race are insufficient to state an actionable discrimination claim. Chapman v. Reynolds, 378 F. Supp. 1137, 1140 (W.D. Va. 1974). Third, Donohue does not allege facts indicating that any of the defendants he names in this case discriminated against him, personally, in any of the circumstances he alleges. See Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981) (holding that pro se prisoner litigant may not serve as a "knight errant" for other inmates, but may only seek to enforce his own rights). The court will dismiss Donohue's race discrimination claims accordingly, pursuant to § 1915A(b)(1), as frivolous.

### C. Other Claims

Under the heading "Claim 2," Donohue raises numerous, overlapping and random complaints about living conditions at Red Onion, which he characterizes as a "wanton infliction of pain" to which officials show "deliberate indifference." He fails to support these legal catch phrases with facts, however. While the atmosphere as he describes it is certainly unpleasant, his factual allegations do not present conditions that implicate constitutionally protected rights. See Twombly 550 U.S. at 570 (finding that to state an actionable claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable").

#### 1. Medical Care

To state a cause of action under §1983, a plaintiff must establish that he, personally, has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West

v. Atkins, 487 U.S. 42 (1988). A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Allegations of negligent diagnosis or treatment do not state constitutional claims actionable under § 1983. Estelle, 429 U.S. at 105-06. Prison officials may rely on the opinion of the medical staff as to the proper course of treatment for an inmate's medical needs. Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990). The allocation of the cost of inmates' medical care is a matter of state law. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 245 (1983).

Donahue asserts, generally, that inmate health care at Red Onion is inadequate. He states that nurse practitioners prescribe medication and that he was charged $5.00 for a medical examination for hemorrhoids even though the medication prescribed did not work. None of these complaints is sufficient to state § 1983 claims. Donohue does not allege facts indicating that he, himself, has suffered from any serious medical need for which he did not receive treatment. The fact that the medication provided to him was not effective in his opinion states a claim of disagreement with treatment or negligent treatment, neither of which is actionable under § 1983. Similarly, his discontent over being charged money for medical examinations and medications is not a constitutional problem, as such matters are controlled by state law. The court will summarily dismiss Donohue's claims regarding medical care as frivolous, pursuant to § 1915A(b)(1).

## 2. Living Conditions

To state a § 1983 claim about prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective element requires an inmate to demonstrate that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). The subjective element requires a showing that a specific officer or officers acted with deliberate indifference – that the official(s) knew of and unreasonably responded to "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Under the heading "Claim 2," Donohue presents a litany of complaints about the harsh living conditions at Red Onion: food portions are too small; security officers, while serving inmates' open food trays, wear the same gloves, touch other unsanitized surfaces, and chew gum or prohibited tobacco; the feeding box is unsanitary from spilled food and drink; an inmate reporting such problems suffers denial of recreation or showers or may be beaten; the grievance procedures are a "sham" because the investigations conducted are self-serving and supportive of nepotism;[7] not enough shower stalls are provided for the number of inmates; shower stalls are germ-ridden from inmates' bodily fluids and are never decontaminated; air vents are caked with particles that cause coughing, sneezing, nose bleeds or chest pains and are seldom cleaned; the recreation cages are contaminated with inmates' bodily fluids, including those with contagious diseases, and never cleaned; clothing provided to inmates is not sufficiently cleaned and is

---

[7] Since inmates do not have a constitutionally protected right to a grievance procedure, problems with an existing prison grievance procedure do not state any claim actionable under § 1983. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)

contaminated by previous users; the cells have poor air circulation and no access to fresh air; only weak, ineffective cleaning products and too few sponges are provided for cleaning cells; food service inmates do not wear hairnets, and hair sometimes gets into the inmates' food items; segregation inmates may not purchase as many commissary items as general population inmates at other prisons are allowed; disciplinary hearing officers do not review video tape of incidents; leg manacles get contaminated by inmates' bodily fluids and cause itchy red lines on inmates' ankles; religious inmates have problems because their food may be contaminated by contact with food items they cannot eat or because their religious hair practices conflict with the Red Onion grooming policy;[8] prison officials do not follow their own regulations regarding review of inmates' segregation status; "progressive housing" is a trick to keep inmates at Red Onion, where all inmates are in segregation conditions; inmates cannot have both a TV and a radio in their cells; inmates must kneel on the ground every time they leave their cells; the Red Onion commissary sells items that have been donated; the cell doors have too many chains; cell windows are drafty and let in cold air; and when guards spit on inmates' food trays, no one takes any action to stop it.

In Donohue I, the court dismissed Donohue's claims about living conditions at Red Onion, because he failed to allege suffering any injury.[9] Strickler, 989 at 1380. In his current action, Donohue describes many more conditions that he considers to be unsatisfactory. However, he still fails to present facts stating any constitutional claim actionable under § 1983.

First, plaintiff does not allege facts concerning any specific instance when a particular prison official inflicted any of the challenged living conditions on him, personally. West, supra.

---

[8] Donohue alleges no facts suggesting that his own ability to practice his religious beliefs has been affected by food contamination or the grooming policy.

[9] Donohue I at 6 n. 5 (citing Strickler, 989 F.2d at 1380-81).

He may not litigate constitutional violations committed against anyone else or pursue a lawsuit concerning the prison's alleged failure to accommodate the religious practices of other inmates. Second, Donohue's current allegations offer no indication that any of the challenged conditions has caused him to suffer any serious or significant injury. Absent this prerequisite, his Eighth Amendment conditions claim fails. Strickler, supra. As stated, "[R]estrictive or even harsh" prison living conditions are a lawful part of a convicted felon's penalty of imprisonment. Rhodes, 452 U.S. at 347. Thus, the court concludes that Donohue's "Claim 2" must be summarily dismissed, pursuant to § 1915A(b)(1), for failure to state a claim.

## II.

After careful review of Donohue's lengthy submissions, the court concludes that he fails to present allegations stating any actionable claim under § 1983, and that indeed, many of his claims are frivolous or malicious. Accordingly, the action will be dismissed without prejudice under § 1915A(b)(1). An appropriate order will issue this day.

Furthermore, Donohue's claims that prison officials have violated state laws or regulations are not independently actionable under § 1983. Moreover, in light of the fact that all of the federal claims under § 1983 must be dismissed, the court declines to exercise supplemental jurisdiction over any related state law claims, pursuant to 28 U.S.C. § 1367(c), and dismisses such claims without prejudice.

Donohue has moved for interlocutory injunctive relief, directing that his disciplinary charges be vacated, that his good time earning rate be restored, and that he be transferred to a lower security facility closer to his family. Because the court finds that Donohue's underlying claims must be dismissed, he cannot demonstrate a likelihood of success on the merits, as required for the interlocutory injunctive relief he seeks. See Winter v. Natural Resources

Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374 (2008).[10] Therefore, the court must deny his motion for interlocutory injunctive relief.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This _13th_ day of June, 2011.

Chief United States District Judge

---

[10]   A party seeking a preliminary injunction of any sort must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest."  Winter, 129 S. Ct. at 374.  Each of these four factors must be satisfied before interlocutory injunctive relief is warranted.  Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated by, remanded by, cert. granted, 130 S. Ct. 2371 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010).